ALBERT GRUNDIES AND AUGUST GRUNDIES

v.

ROBERT KELSO.

*Forcible Detainer—Title—Evidence—Statute of Frauds—Successor in Interest.*

1. As a general rule a tenant can not deny the title of his landlord, and in an action of forcible entry and detainer the admission in evidence of a will, in order to show the title to be in the lessors, is improper. Such will would be irrelevant, and the putting it in evidence, surplusage.

2. In the case presented, it is held, as to the statute of frauds, that the estate of the trustees had passed to the plaintiff, that he was in privity with them and could make that defense.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. RUFUS KING, for appellants.

Messrs. SPARLING & SURINE, DALTON & LUMBARD, and JOHN C. PATTERSON, for appellee.

GARY, J.   This is an action of forcible detainer by the appellee against the appellants.   They had been tenants of the premises under a lease from Frankenthal and others, trustees of the estate of Spear, deceased, for a term from May 1, 1888, to April 30, 1889, and by an indorsement thereon by Frankenthal for an extension to April 30, 1890.

On the trial a copy of the .will of Spear was read in evidence, without, as it is urged, sufficient authentication.   The will was irrelevant, and putting it in evidence, surplusage. The only effect of it was to show title in the lessors, and that title the appellants, as lessees, were estopped to deny.   The general rule that a tenant can not deny the title of his landlord, has been recognized as law in this State from 1828 hitherto.   Ankeny v. Pierce, Breese, 262.

It is, therefore, of no importance whether the will was well proved or not.

On the trial the appellants claimed a further extension of the lease to April 30, 1891, under a parol agreement with Frankenthal, made, as they said, some time before April 30, 1890, and they also claimed a parol lease from the appellee, made April 30, 1890, to expire April 30, 1891.

In effect, the court instructed the jury that the alleged parol extension by Frankenthal was void under the statute of frauds, but if the appellee made a parol lease as claimed, it was valid.   Both the extension and new lease were denied by the appellee.   The jury found for him.   He claimed under a deed from the trustees.   Whatever their powers under the will of Spear, their legal title, which the appellants were estopped to deny, passed to the appellee by their deed.   Reece v. Allen, 5 Gilm. 236, has been followed often since and recently, in forcible detainer, in Windett v. Hurlbut, 115 Ill. 403.

The appellants object that the instruction as to the alleged

extension by Frankenthal was wrong; first, because the deed to the appellee was "subject, however, to the provisions of the existing lease upon said premises;" second, that the objection of the statute of frauds was personal to Frankenthal, and could not be made by the appellee. That deed was dated April 1, and recorded April 5, 1890. The words in it, "the existing lease," in the singular number, refer plainly to something in writing, containing provisions, and are fully met by the original lease, extended by indorsement to April 30, 1890. They mean one lease and no more.

As to the statute of frauds, the estate of the trustees had passed to the appellee; he was therefore in privity with them and could make that defense.

This doctrine is recognized in Chicago Dock Co. v. Kinzie, 49 Ill. 289; Baker v. Fuller, 69 Maine, 152, and Lee v. Colston, 5 T. B. Monroe, 238, and applied in Anderson v. Semple, 21 Iowa, 399. Where the party setting up the statute was the successor in interest of the one alleged to have made the parol agreement, it has never, in any case brought to our notice, been made the ground of decision that such successor could not set up the statute.

There is no error and the judgment is affirmed.

*Judgment affirmed.*