J. I. BEST ET AL.

v.

THOMAS L. DAVIS.

*Forcible Detainer—Demand for Possession—Statute of Frauds.*

Where a party to a contract within the statute of frauds desires to perform it, he may do so, and no other person can set up the statute merely for his benefit; but those holding in privity with him have an equal right to avail themselves of the statute.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Best v. Davis.

Messrs. McILDUFF & TORRANCE, for appellants.

Mr. G. W. PATTON, for appellee.

CARTWRIGHT, J.   This suit was commenced by appellee against J. I. Best and J. K. Ostrander, before a justice of the peace in forcible detainer, for the possession of a small parcel of land adjoining the right of way of the Wabash Railway. At that time the premises were in the possession of the Middle Division Elevator Company, a partnership composed of J. I. Best and E. R. Bacon, claiming as tenants under a verbal lease made by Jacob Goetz, owner of the property, to one Jones, and assigned to this company. Ostrander was the local agent and buyer for the company, and occupied the premises as such agent. On appeal to the Circuit Court the complaint was by leave of court amended by adding E. R. Bacon as a defendant, and his appearance was entered. There was a verdict against J. I. Best and E. R. Bacon, and the jury found Ostrander not guilty, and that he was agent of the other defendants. Judgment was entered on the verdict. It is claimed that there could be no recovery against Bacon because he was not served with a demand for the possession of the premises. A written demand was served upon Ostrander, the agent in possession, and upon Best, one of the partners, but not upon Bacon, who lived in Chicago. The demand was not directed to any person nor in any manner limited in its effect. It demanded possession of the premises, and was served upon the agent and one partner, and was sufficient.

The verbal lease to Jones was for a term commencing October 1, 1888, and afterward during said term the owner, Jacob Goetz, on January 15, 1890, leased the same premises by written lease to Gantz, Barnes & Co., from October 1, 1890, to October 1, 1895, and this lease was assigned to appellee. The contest in this suit was therefore between assignees of leases from the same party. The verbal lease to Jones was for ten years, and it was contended by appellee that it was within the statute of frauds, and therefore could not be

made a ground of defense to his suit for possession. It is claimed by appellants that appellee could not take advantage of the statute of frauds, but that the right was personal to Goetz, who alone could set it up. It is true that where a party to a contract within the statute of frauds desires to perform it, he may do so, and no other person can set up the statute merely for his benefit, but those holding in privity with him, as in this case, have an equal right to avail themselves of the statute.

On the trial appellants contended that the leasing to Jones, under which they claimed, was for a rental of $22.50 for the whole term of ten years, and that this amount was paid and a receipt given, and possession of the premises delivered. Appellee contended that Jones was to pay $22.50 rent annually; that payment had only been made for two years, and the contract was in that regard executory and within the statute of frauds, and that there had been an agreement with Goetz to terminate it October 1, 1890.

The wife of Goetz was permitted, against objection of appellants, to testify on the part of appellee, and she gave testimony tending to show that $22.50 was the annual rental, and that two payments had been made. Goetz was interested in the question being tried, and in the event of the suit, which would determine the right of possession and consequent liability of appellee to pay rent to him at an increased rate over what he claimed appellants were to pay, or might create a liability against him, and his wife was not a competent witness. Goetz was directly interested in the success of appellee. Craig v. Miller, 133 Ill. 300; 34 Ill. App. 325.

Appellants insist that even if the verbal leasing was within the statute of frauds, a tenancy from year to year was created, and that appellants would be entitled to sixty days notice to terminate such tenancy; but it is said that this question was not raised in the trial court, and such appears to be the fact. We will therefore give it no attention.

It is urged that the instructions for appellee on the statute of frauds were erroneous in ignoring the claims of

appellants as to payment of rent to the end of the term, the giving of a receipt therefor, and delivery of possession with the effect claimed by appellants, but these instructions did not purport to state all the conditions to authorize a particular verdict, and the second and fourth instructions given for appellants recited the claims of appellants with the conclusion claimed, and this was all that was necessary.

The ninth and tenth instructions for appellee recite to the jury the testimony of Goetz on subjects concerning which there was a direct contradiction, and such testimony was thereby given undue prominence before the jury. This should not have been done.

A question is raised as to the character of the judgment entered, but as the judgment will be reversed and the question is not likely to arise again in the case, we do not pass upon it.

The judgment will be reversed and cause remanded.

*Reversed and remanded.*