## George J. Cooke Company, Defendant in Error, v. Albert Kaiser and Best Brewing Company, Plaintiffs in Error.

## Gen. No. 15,770.

1. STATUTE OF FRAUDS—*when lease within.* A verbal contract for a lease that cannot be performed in one year from the making thereof is within the Statute of Frauds.

2. STATUTE OF FRAUDS—*who may plead.* Parties and privies by contract may plead and rely upon the Statute of Frauds. A lessee of the owner of premises may urge the statute as a defense to an alleged oral contract of letting set up by a previous tenant in possession.

3. LANDLORD AND TENANT—*when demand for possession not essential.* Demand for possession is not essential where the defendant was in possession under a lease for a certain period which had expired by its own limitations.

4. FORCIBLE ENTRY AND DETAINER—*who may maintain.* A lessee of the owner of premises may maintain forcible detainer against a tenant in possession under a previous expired lease.

5. FRAUD—*when not defense at law.* It is only fraud in the execution of an instrument, as where one is induced to sign it under a false representation that it is another and different instrument, that renders a contract void for fraud and it is only such a defense which is available at law in an action on a sealed instrument. False representations inducing the execution of a sealed instrument will not be considered.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

**Statement by the Court.** This was an action of forcible detainer brought May 3, 1909, by George J. Cooke Company for the recovery of the possession of the store and basement in the brick building at No. 46 Cleveland avenue, Chicago. The Best Brewing Company was in possession of the premises, through Albert Kaiser, its sub-tenant, under a lease from William Godenrath, owner thereof, dated January 1,

1907, and expiring by the terms thereof, April 30, 1908. Said lease had been extended by written endorsements thereon until April 30, 1909.    On March 20, 1909, Godenrath made a written lease to the plaintiff, George J. Cooke Company, for one year, the term thereof to begin May 1, 1909.    The defendants, Kaiser and Best Brewing Company, being still in possession of said premises, May 1, 1909, on that date a demand for immediate possession thereof was served by the plaintiff on Albert Kaiser, the one in actual posses- sion at that time, by leaving a copy thereof with Mrs. Busch, his mother-in-law, also on the premises, Mr. Kaiser being then there asleep.    On a trial before the court without a jury, judgment for possession of said premises was rendered in favor of the plaintiff and against the defendants.    The defendants bring the case here on error.

WINSTON, LOWY & McGINN, for plaintiffs in error; CHARLES F. LOWY, of counsel.

ALDEN, LATHAM & YOUNG, for defendant in error; CHARLES R. BROWN, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiffs in error contend that they were not un- lawfully withholding the premises from defendant in error when sued, because they had an oral contract with Godenrath to extend their lease another year from May 1, 1909, which contract was made prior to defendant in error's lease.    Their position is that al- though an oral lease for more than one year may be void as to the duration of the term, yet, tenants in pos- session under such an agreement are not trespassers, but should be treated as tenants until their tenancy is terminated by proper notice to quit.    No extension of the time of their lease was ever made by Godenrath's

endorsement thereon. We cannot find from the record that there was ever any oral agreement made between the parties thereto to extend the time of that lease. Godenrath asked plaintiffs in error in January or February, 1909, if they wanted the property for another year, and they assured him that they did; but their final conclusion at that time was that they would wait until after May 1, 1909, and ''see how things come up.'' In the meantime, defendant in error obtained its lease by its agent telling Godenrath plaintiffs in error did not want the property for another year, and no further contract was made by plaintiffs in error and Godenrath. If any contract was made as contended by them, their contract is void because made for a lease that could not be performed in one year from the making thereof, and without writings.

It is also contended that the defendant in error is a stranger to the contract of Godenrath to extend the time of the lease of plaintiffs in error; that as to such an agreement it is not void, but voidable only, and that no one except the parties thereto can avoid it; and that, therefore, defendant in error cannot successfully plead the Statute of Frauds as a defense. Conceding that there was such an oral contract, which the record fails to show, we do not think the defendant in error should be treated as a stranger thereto in the sense that he would be barred from pleading thereto the Statute of Frauds. In such case he would be in privity with Godenrath and have an equal right with him to claim the benefit of the Statute. Parties and privies in such cases may plead the Statute of Frauds. Were he a mere stranger and not in privity with Godenrath the rule would be otherwise. Best v. Davis, 44 Ill. App. 624; Grundies v. Kelso, 41 Ill. App. 200; Chicago Dock Co. v. Kinzie, 49 Ill. 289 (merely recognizing the rule).

It is next argued that the service for the demand for possession on Kaiser's mother-in-law is not good

service on Kaiser, and that, therefore, no demand for possession previous to the suit was proved. The lease to plaintiffs in error expired by its own terms, April 30, 1909, and was never extended or followed by another lease to them. "When the tenancy is for a certain period, and the term expires by the terms of the lease, the tenant is then bound to surrender possession, and no notice to quit or demand of possession is necessary." Hurd's Rev. Stat. 1909, sec. 12, chap. 80.

The defendant in error as assignee or lessee of Godenrath had the same right to sue and maintain this suit and in the same manner as Godenrath could have done had he not leased to defendant in error. Hurd's Rev. Stat., sec. 14, chap. 80.

It is finally insisted by plaintiffs in error that the lease of defendant in error was procured by fraud and on the false representation that they did not want the premises longer. It does appear from the evidence that the agent of the defendant in error falsely represented to Godenrath that plaintiffs in error did not want the premises longer and that Godenrath, relying on the truth of that statement, leased the property to defendant in error. This character of fraud does not make void a contract in law, and the evidence thereof was properly excluded by the court as constituting no defense. It is only fraud in the execution of an instrument, as where one is induced to sign it under the false representation that it is another and different instrument, that renders the contract void for fraud. Papke v. Hammond Company, 192 Ill. 631; Jackson v. Security L. Ins. Company, 233 Ill. 161.

Finding no error in this record the judgment is affirmed.

*Affirmed.*