LIBERTY BRAND CANNING COMPANY, a corporation of the State of Delaware, vs. JOSEPH DENBY.

1. SALES—JURY QUESTION; PERFORMANCE OF CONDITION PRECEDENT.

In action of covenant for damages for breach of contract to deliver tomatoes raised, where defendant's counsel had admitted that tomatoes contracted for were not delivered to plaintiff packer at all, *held*, nonsuit based on ground that certain conditions precedent , one of which was that packer should have his factory open to receive tomatoes between certain hours had not been proven, would be denied.

2. ACTION—EVIDENCE OF FRAUDULENT REPRESENTATION IN ACTION OF COVENANT INADMISSIBLE.

     In action of covenant by packer against lessee, for damages for breach of contract to deliver tomatoes raised on leased premises, evidence that lessee was induced to sign contract by fraudulent representations of plaintiff's representative that landlord had stated that it was all right for lessee to make the contract was inadmissible.

3. SALES—FAILURE TO DELIVER; MEASURE OF DAMAGES.

     In action of covenant for damages for breach of contract to deliver to plaintiff all tomatoes grown during the season on a plot of land, the measure of damages is the difference between the price at which defendant contracted to furnish the tomatoes and the market price of tomatoes during the season, including any expenses incurred in purchasing tomatoes in place of those not delivered by defendant.

(*December* 9, 1918.)

BOYCE and RICE, J. J., sitting

*Henry Ridgely* and *George M. Fisher, Jr.*, both of Dover, and *James Saulsbury*, of Wilmington, for plaintiff.

*James M. Satterfield*, of Dover, and *David J. Reinhardt*, of Wilmington, for defendant.

Superior Court for New Castle County, November Term, 1918.

COVENANT, No. 128, September Term, 1917.

Action by the Liberty Brand Canning Company against Joseph Denby to recover damages for breach of contract under seal. Verdict for plaintiff.

The narr. alleged, in substance, that the plaintiff company was a packer of tomatoes, that it made a contract with the defendant, a farmer, to put in a certain number of acres in tomatoes and when ripe to deliver them to the factory of the company for packing; that, notwithstanding, the defendant sold the tomatoes to others contrary to his contract with the plaintiff, by reason of which the plaintiff was compelled first to buy raw tomatoes for canning and when this could not be done to advantage on account of the high price of raw stock, to purchase canned tomatoes from other packers in order to fill his contracts, and, therefore, he claimed damages for the extra expense thereby incurred. The pleas were non est factum and three other pleas which set up that the defendant was

the tenant on a farm under a lease and that by the terms of the lease with his landlord he was not to make contracts without his landlord's consent and approval; that the agent of the plaintiff company told the defendant that the landlord was willing that he should contract with the plaintiff company, which statement was false, and that, therefore, the contract being signed under misapprehension and by reason of the false allegation of the plaintiff's agent that the landlord did consent to the contract, the alleged contract was void and of no effect, and, therefore, the defendant sold his tomatoes elsewhere at a higher price.

[1]   When the plaintiff rested, counsel for defendant moved for a non-suit on the ground that the contract admitted in evidense was a contract under seal and certain conditions contained therein which were conditions precedent had not been proven; one of which was that the packer should have his factory open to receive the tomatoes between the hours of seven a. m. and five-thirty p. m. on all business days except Saturdays and Sundays, and that this condition, which was a condition precedent, had not been proved. Counsel for plaintiff contended that it was not necessary to prove that fact as defendant's counsel had admitted that he did not deliver the tomatoes to the plaintiff at all.

Rice, J.:—In view of the state of the evidence, we deny the motion for a non-suit.

The defendant being called to the stand, Mr. Reinhardt asked the following question:

"In 1917 what sort of an arrangement did you have with Mr. Howell, your landlord, in regard to the growing and sale of tomatoes?"

Objected to as immaterial.   The court inquired as to the purpose of the question.   Mr. Reinhardt stated that he proposed to prove by the defendant that Mr. Howell was his landlord and that the defendant worked the farm which was situated in Kent County, Delaware, on shares; that he was to grow four acres of tomatoes in 1917, and that he was not to make any contract for the sale of the tomatoes without the consent and approval of his landlord; that he knew nothing about contracting for tomatoes and relied

on his landlord absolutely to make such contracts; that later on a representative of the plaintiff saw him and he told this representative to go and see Mr. Howell in order to find out whether there could be a contract entered into for the tomatoes to be grown on the four acres; that the second time the defendant was approached in Dover by a representative of the plaintiff company, he was told that the landlord of the defendant had said it was all right for him to go ahead and make the contract, which statement was absolutely false; and it was the defendant's contention that the fraudulent representation goes to the essence of the contract which was thereby rendered void.

[2]    Counsel for plaintiff objected on the ground that this being an action of covenant and a contract under seal, it is a specialty, and that it is a rule of law that in such cases any misrepresentations inducing the defendant to execute the contract are not admissible in this action; that fraud is admissible as a defence in actions of covenant in only a very particular line of cases, and that is where the contract sued on never had been the contract of the defendant; that is, if the plaintiff had substituted another contract, the defendant being an illiterate or ignorant person and he thought he was signing one contract, while another contract that he knew nothing about had been substituted and which he signed. In this case, even though the defendant would not, without those representations, have signed the contract, yet if he did sign it believing it to be the contract it was when he signed it and not some other contract, the evidence proffered is not admissible, citing 14 *Corpus Juris*, 396, *pars.* 306 and 309; *Taylor v. King*, 6 *Munf.* (*Va.*) 358, 366, 8 *Am. Dec.* 746; *Whitcomb v. Shultz*, 223 *Fed.* 268, 138 *C. C. A.* 510; *Cooke, v. Kaiser*, 163 *Ill. App.* 210 (213); *Franchot v. Leach*,5 *Cow.* (*N. Y.*) 506; *Jackson v. Hill*, 8 *Cow.* (*N. Y.*) 290; *Vrooman v. Phelps*, 2 *Johns.* (*N. Y.*) 177.

RICE, J.:—We are of the opinion that the evidence profferd does not come within any of the exceptions to the general rule with respect to proof of fraud in contracts under seal. The objection is sustained.

The plaintiff requested the Court to instruct the jury that the sole question before them under the evidence is one of damages, and that the measure of damages which should be allowed the plaintiff is the difference between the contract price, as shown by the contract, and the market price of tomatoes during the season of 1917, plus any expense which the plaintiff was put to in order to get other tomatoes.

The defendant prayed the Court to instruct the jury to find a verdict for the defendant on the ground that both the contract and the narr. set out certain things that the plaintiff was to do, namely, to have the cannery which was at Dover open at certain hours to do business, and there was no proof of that fact, it being a condition precedent; and that the measure of the damages is the difference between the market price at the time the tomatoes were ripe and the price named in the contract of twenty-five cents a basket.

RICE, J., charging the jury:—This is an action of covenant brought by the plaintiff, the Liberty Brand Canning Company, against the defendant, Joseph Denby, to recover damages for the alleged breach of a contract under seal.

Under the terms of the contract it was the duty of the defendant to deliver to the plaintiff all the tomatoes grown during the season of 1917 on a four acre plot of land as provided for in the contract. He agreed to deliver the tomatoes called for in the contract at the price of twenty-five cents per basket.

The plaintiff claims that the defendant grew tomatoes during the season of 1917, and that he did not deliver them to the plaintiff, and by reason thereof the plaintiff was required to go into the open market and buy tomatoes at a price greatly in excess of the contract price.

The defendant admits that during the season of 1917, he grew 1,178 baskets of tomatoes and did not deliver any of them to the plaintiff company.

There is, therefore, no question that the defendant grew tomatoes during the season of 1917 and that he did not deliver them to the plaintiff as he was required to do under the terms of his contract.

[3]   If you should find by reason of the defendant's failure in this respect that the plaintiff suffered damages then your verdict should be in favor of the plaintiff for such sum as you may believe from the testimony was the difference between the price at which the defendant contracted to furnish the tomatoes and the market price of tomatoes during the season of 1917, including any expense incurred in their purchase in place of those not delivered by the defendant.

Verdict for plaintiff.