Ruffin, Judge.
 

 We should lend a ready ear to any plausible argument, tending to prove that this ca.se is within the statute of frauds.
 
 (Jlctof
 
 1819,
 
 Reo. c.
 
 1016): For we feel, that all the mischiefs are as apt to arise out of executed, as executory contracts. But the words are too strong and plain to be got over. We think it extremely probable, that the draughtsman considered, when
 
 *290
 
 jie put lands and slaves on the same footing, that he re-qaired all contracts respecting each to be in writing. If he did, it was a great mistake. However the words of ^le act might be construed, if applied to slaves alone, they cannot embrace executed contracts, when applied to both. The act says, that “ all contracrs, to sell or convey lands or slaves, shall be void and of no effect, unless such contractor some memorandum, or note thereof, bo put in writing, and signed by the party charged; except contracts for leases not exceeding three years.” The question is, what sort of contracts is here meant? Certainly, only such a contract, respecting slaves, is
 
 within
 
 the act, as would also be within it, if it respected land j for the two subjects are placed side by side. It is perfectly clear, that executory contracts alone can be meant, when land is the subject. For before that time, a
 
 conveyance
 
 of freehold land could be by
 
 deed
 
 only, and it is absurd to talk about “ a note or memorandum in writing,” as a thing that can
 
 pass
 
 such lands. In relation therefore to realty, not only the words of the act, “ a contract
 
 to sell,”
 
 but the state of the law before, restrains the statute to executory contracts, This ties us down, against our wills, to the same construction as regards slaves. Therefore, a
 
 sale
 
 of slaves by parol, that would have been good before the statute, is still good.
 

 We arc aware of the great inconveniences that will, arise from this construction ; and that has made us very reluctant to adopt it. For the same fraud and perjury will be practised in the dispute, whether the contract was one “ to sell,” or “ of sale,” as in ascertaining the particular terms of a contract to sell; and thus all the benefits intended by the Legislature be defeated. But the framing of the act compels us to pronounce the judgment wc do.
 

 Per Curiam.- — Let the judgment below be affirmed.