Pearson, J.
 

 It is admitted, that, in 1824, one Sneed conveyed to the defendant, Menzies, certain slaves in trust, for the separate use of Elizabeth, the wife of the said Sneed, with a power of disposition by deed, will, or otherwise. Soon thereafter Sneed died ; the slaves were taken into possession by the said Elizabeth ; and Menzies removed from the State. On the 14th of August 1826, the said Elizabeth executed a deed, by which she gave five of the slaves (being all except one) to Erasmus Jones and the defendant Adolphus Jones, reserving to herself a life estate. In September or October 1826, the said Elizabeth intermarried with Robert Strong, the testator of the plaintiff, who took all of the slaves into possession and has kept possession of them ever since. In 1844, the said Elizabeth died. Erasmus Jones died some years be
 
 *545
 
 fore, leaving an only child, the defendant Eleanor, and Martha, his widow, who administered upon his estate and intermarried with the defendant Hamlin. After the death of the said Elizabeth, the slaves were demanded of the said Strong in the name of Menzies, the trustee, action of detinue brought and a recovery affected. At the time of his marriage, Robert Strong was a widower in easy circumstances, and Elizabeth Sneed owned no property, except the said slaves and a small piece of land.— The deed was attested by one Dunlap, the uncle, and G. W. Jones, the father of Erasmus and Adolphus, and was registered in November 1825. G. W. Jones was the cousin and intimate friend of the said Elizabeth. Erasmus and Adolphus Jones were quite young at the date of the deed'.
 

 The bill charges that the deed was executed without valuable consideration, and after marriage was contemplated between the plaintiff’s testator and the said Elizabeth, in fraud of his marital rights, and without his knowledge or consent. The prayer is to have the deed can-celled and for an injunction.
 

 The defendants admit, that the deed was made without valuable consideration. They do not deny that the marriage was in contemplation at the time it was executed, but simply say, “they do not know, how long before the marriage the deed was executed, but suppose it was but a short time.” “They insist, that the deed was fairly, legally, and honestly made, without any fraud upon the marital rights of the plaintiffs testator.” “They deny, that it is within their knowledge, or that it is their belief, that the deed was made without the knowledge or consent of the plaintiff’s testator.” And “they deny, that the deed was a fraud upon the marital rights of the plaintiff’s testator,” for the reason, that when the slaves were demanded, he at first offered to give them up, if he was indemnified agajnst the claim of the Sneeds, and said he
 
 *546
 
 would take counsel; and for the further reason, that he refused to pay for medical attendance Upon them. One ¡of the slaves, who was inserted in the original draft, was left out of the deed ; and the plaintiff’s testator did not, in the life time of his wife, make any complaint, or attempt to have the deed set aside.
 

 A motion to dissolve is heard upon bill and answer; and it is often said, that, upon the hearing, the answer is to be taken as true. This must be understood with much qualification, and, as a rule, is very apt to mislead. To obtain an injunction, the plaintiff must make certain allegations, upon which his equity rests and these he is bound to prove. If they are admitted by the answer, his 'case is made out. If the answer is fair and denies the allegation, as it is the only mode of proof to which he can resort, he is without proof and the injunction has nothing to rest on. But if the allegations, which the plaintiff is bound to prove, be admitted, and the defendant is under the necessity, in order to avoid the plaintiff’s equity, of making an allegation, which he is bound to prove, then, in this stage of the proceeding, he is without proof and there is nothing for the motion to dissolve to rest on.
 

 This is the reason of the well settled rule, “when the answer admits the equity charged in the bill, and brings forward a new fact in avoidance of it, the injunction is continued until the final hearing."
 
 Lindsay
 
 v. Etheridge, 1 Dev. & Bat. 38.
 
 Bellona Company’s case, 3
 
 Bland. Ch. Rep. 442.
 
 Simon
 
 v.
 
 Claggett,
 
 id. 162. In such cases the defendant furnishes proof of the allegations necessary on the part of the plaintiff, and is without proof so far as his own allegations are concerned, and of course there is no foundation for his motion. The difference, in the effect of the answer upon a motion to dissolve and upon the final hearing, depends upon this: in the one case, the plaintiff has no proof but the answer; whereas, in the latter, he is at liberty to resort to other proof.
 

 
 *547
 
 The plaintiff’s equity consists in this: A voluntary deed was made by the intended wife of the testator, in contem - plation of the marriage, which was afterwards consummated, without the existence of the deed being made known to him. From these facts the law implies fraud ; for. by the marriage, certain rights accrue to the wife — the right to be maintained, to have her debts paid, and in case of survivorship to have a distributive share and dower— and it is necessarily a fraud for the wife, while she is acquiring these rights, to attempt to deprive the husband, by means of a deed made without his knowledge, of the corresponding rights, which the marriage would confer on him. That the deed was voluntary and that the marriage took place, is admitted ; and that the marriage was in contemplation, at the time the deed was executed, if not distinctly admitted, is certainly not denied. These are all of the affirmative allegations, and the fraud is made out, unless the husband can be fixed with a knowledge of the execution of the deed before the marriage.
 

 The plaintiff avers negatively, that, according to his belief, his testator did not have this knowledge. This he does on oath, and supports it, as far as it is capable of being supported, by the allegation of two facts, both of' which are admitted, viz.: that the possession and apparent ownership of the slaves continued in the wife up to the time of the marriage ; and that the deed was not registered at the August term of the County Court, which was held after the date of the deed and before the marriage. This is all he could do, and he is not required to prove a negative.
 

 It was therefore incumbent upon the defendants to. rebut this
 
 prima facie
 
 case of fraud, by an affirmative allegation, that the fact was known by the plaintiff’s testator before the marriage. And the burthen of proving this allegation is upon them. They have no proof, and consequently there is no foundation for the motion to dissolve.
 
 *548
 
 even if the allegation had been properly made. There ■is, however, no such allegation ; so that the motion had neither “allegation or probation” to rest on.
 

 The defendants aver, that the deed was fairly, legally, and honestly made, without fraud upon the marital rights. This is a mere generality and signifies nothing. What amounts to fraud is a question of law ; and the defendants are thus made to swear to a conclusion of law. They deny, that “it is within their knowledge, or that it is their belief, that the deed was made without the knowledge or consent of the plaintiff’s testator.” This is a most singular denial of a negative, and can hardly be considered as an affirmative allegation, that they believe the plaintiff’s testator knew of the existence of the deed before the marriage. They deny, that the deed was a “fraud upon the marital rights,” <£c„ for the reasons which they proceed to enumerate. This is an argumentative denial of a question of law, and it is sufficient to say there is no proof of the several allegations upon which the argument is based.
 

 The injunction ought not to have been dissolved. This opinion will be certified to the Court below. The defen* dants must pay the costs in this Court,
 

 Per Curiam.
 

 Ordered accordingly.