HENRY A. BAKER *v.* WILLIAM G. JORDAN, and others.

Where A, a *feme* sole, engaged to be married to B, on the day before the marriage conveyed to C, without a valuable consideration, a lot, the only property she owned, without the knowledge or consent or B, her intended husband: *It was held*, that such conveyance was a fraud upon the marital rights of the husband, and therefore void.

CASE AGREED, heard before *Clarke, J.*, at Spring Term, 1874, WILSON Superior Court.

On the 10th day of September, 1872, the defendant, Catharine Baker, then Catharine Jordan, was seized in fee as tenant in common with one Eugene Jordan, of a lot in the town of Wilson, containing one acre, it being all the property owned by said Catharine.

On the 11th day of December, 1872, the defendant Catharine conveyed by deed, the consideration of which was love and affection, (as appears upon the face of said deed) her interest in said lot to Mittie S. Jordan, wife of W. G. Jordan and step-mother of said Catharine, with whom she was then living, without the knowledge or consent of the plaintiff, her then intended husband.

On the 12th day of December, 1872, after an engagement of some months, the plaintiff and defendant, Catharine, intermarried.

On the 27th day of January, 1873, the defendant, W. G. Jordan and wife Mittie S. Jordan and Eugene Jordan sold said lot to R. J. Taylor, for the sum of three thousand dollars, which was a fair price for the same.

The defendant, Taylor, knew at the time of the purchase, when the marriage of the plaintiff with the defendant, Catharine, was solemnized; and knew that the deed from Catharine to Mittie S. Jordan, was made on the day before said marriage, but had no knowledge or notice that the plaintiff did not know and consent to the previous conveyance from the said Catharine to Mittie S. Jordan, prior to the marriage.

10

If the Court shall be of opinion for the plaintiff, such judgment is to be entered as the Court shall be of opinion the plaintiff is entitled to, and for cost.   Otherwise judgment is to be entered against plaintiff for cost.

It was adjudged by the Court: That the deed from Catharine Jordan to Mittie S. Jordan, made on the 11th day of December, 1872, be surrendered up for cancellation, and that the defendants, W. G. Jordan, Mittie S. Jordan and R. J. Taylor, reconvey to Catharine Baker her interest in the lot of land conveyed to Mittie S. Jordan by Catharine Jordan, on the 11th day of December, 1872, and that plaintiff recover costs of this action.

From this judgment the defendant, R. J. Taylor, appealed.

*Moore & Gatling,* for appellant.
*Smith & Strong* and *Clarke & Son,* contra.

PEARSON, C. J.   The plaintiff marries a lady, whose only estate is a lot in the town of Wilson.   In a short time he finds out that *on the day before the marriage* she had executed a deed of gift to her step-mother, conveying all of her interest in the lot.   So instead of a bride with a fortune of $3,000 (the estimated value of the lot) he has a bride stripped of everything except her clothes.

Before 1868 this would have been declared to be " a bare faced fraud " upon his marital rights.   But the new Constitution and the " marriage act," Bat Rev., chap. 69, make very great changes in respect to the rights of the husband; for instead of acquiring *jure mariti,* as by the common law, the property of his wife, and becoming liable as *pater familias* to support her and the children, he is treated *as an overseer* in respect to his wife's property, bound to account for profits received out of her estate if called upon as such overseer or *bailiff,* which is the milder word, to account and pay over within one year.

These radical changes of the common law, in respect to the relation of " *Baron* and *Feme*," call for great consideration on the part of the Courts. We will approach the subject with caution, and not go one inch beyond what it is necessary to decide, in order to dispose of the present case. Mr. Moore, who aided the Court by an elaborate argument, took the ground squarely that a husband, under the Constitution of 1868, and the marriage act to carry it into effect, acquires no right to his wife's estate or to the *use or profits thereof*, and is not to act as her bailiff without being subject to account: *ergo*, he cannot be defrauded by a conveyance made by her on the eve of the marriage without his knowledge.

We do not concur in this proposition. A husband is entitled since the Constitution of 1868, and the marriage act, to the society of the wife, is under an obligation to support her and the children, and for that purpose is entitled to her services, and to *contribution from the profits of her estate.* He has a right to live in his wife's house, and to ride her horse if she own one.

The plaintiff was surprised by the fact that his wife had been induced to give away all the estate she owned, and to which he with reason looked for aid in supporting her. He was deceived, and the question is, was he *defrauded* of any right to which he was entitled as husband? We think he was. The marriage act, Bat. Rev., chap. 69, sec. 17, authorizes a wife to make contracts changing her real and personal estate for her necessary personal expenses, or for the support of the family, &c." So the plaintiff had in legal contemplation a right to look to this lot as a source which would enable his wife to contribute to " her necessary personal expenses, and for the support of the family," and was not only deceived, but was *defrauded* by the secret conveyance made the day before the marriage.

The defendant, Taylor, knew of the fact that this conveyance was made on the day before the marriage. This, as the books say, was enough to put him " upon enquiry." If he had asked,

of the plaintiff he would have received the information that the deed was executed without his knowledge, and that he would contest the right of Mr. Jordon to sell the lot.

No error.

Per Curiam.                                   Judgment affirmed.