N. L. HALL v. B. J. FISHER.

(Decided March 20, 1900.)

*Contract, Executed, Executory, Relating to Realty—Statute of Frauds—Public Streets—Nudum Pactum.*

1. The statute of frauds does not apply to executed, but only to executory contracts.

2. To make an executory, unwritten contract binding, there must be a consideration to support it, or it will be *nudum pactum*.

3. A contract to do something, must be something the contracting party can do, and which it is lawful for him to do, and which is not in violation of law or public policy.

4. If a party to a land trade contracts by parol to open a public street to the land sold, the purchaser knowing at the time that the seller did not own the land over which the street would run, and it being necessary to have the approval of the town authorities, to open a public street, as they have to keep it up, the contract is not enforceable.

5. Where such verbal agreement on the part of the vendor was a part of the consideration which the purchaser was to receive in addition to the money consideration for the lot exchanged in the land trade, without any written contract or memorandum to that effect properly signed, it is barred by the statute of frauds, and can not be specifically enforced, or compensated for in damages.

CIVIL ACTION to recover damages for breach of contract for sale of town lot in Greensboro, tried before *Timberlake, J.,* at May Special Term, 1899, of GUILFORD Superior Court.

The plaintiff alleged an exchange of town lots in Greensboro with defendant, to whom he sold his house and lot on Clay street for $1,600, and bought an unimproved lot of defendant on Schenck street and a projected street to be called Wainman street, for $600, receiving in cash $1,000; and as a part of the consideration for the exchange of lots, the de-

fendant was to open the said Wainman street from across Schenck street south to Green street; that the deeds did not contain that part of the contract relating to the opening of Wainman street further than the boundaries of the lot made by defendant, it calling for running 75 feet on Wainman street south from Schenck street, the consideration expressed in both deeds being $1,600 and $600, respectively; but plaintiff avers that the exchange of lots was upon the express agreement that defendant was to open Wainman street, and that but for such agreement on the part of defendant the exchange would not have been made by plaintiff; that he had made demand upon defendant to open said street, and he had refused to do it.

The defendant denied that there was any exchange of lots between himself and plaintiff, and avers that their dealings were separate transactions, and that there was no agreement on his part to open Wainman street; that he did not contract to do so; and had no right or power to do so, not being the owner of the land over which an extension of the street would necessarily be located.

The following issues were submitted by his Honor to the jury, the defendant objecting and excepting:

1. Did the defendant, Fisher, contract and agree with plaintiff, Hall, at the time Hall bought the lot on Schenck street, and, as an inducement for him to buy, that he would open Wainman street from Schenck street to Green street? Answer, " Yes."

2. Has the defendant failed and refused to open said street? Answer, " Yes."

3. What damage has plaintiff sustained? Answer, " $1,000."

Judgment accordingly—to which defendant excepted and appealed.

*Mr. J. N. Staples,* for appellant.
*Messrs. Bynum & Bynum,* for appellee.

FURCHES, J. The plaintiff alleges in his complaint that he owned a house and lot on Clay street, in the city of Greensboro, which he sold to the defendant for $1,600, and took in part payment therefor a vacant lot on Schenck street, fronting on what was called Wainman street, at the price of $600; that defendant expressly promised and agreed to open Wainman street from Schenck street south to Green street, and this was an inducement for him to take the vacant lot at $600 in part payment for his lot on Clay street; that he executed a deed to defendant for the property on Clay street, and defendant executed a deed to him for the vacant lot on Schenck and Wainman streets; that Wainman street had been located on a map, but had only been opened a short distance farther south than the lot the plaintiff bought from defendant; that he bought this lot for the express purpose of building a residence on it, and this was known to the defendant; that, supposing defendant would open Wainman street, as he agreed to do, the plaintiff proceeded to build on said lot a residence worth $1,700; that defendant has failed to open said street, and now declines and refuses to do so, whereby plaintiff has been damaged $1,000.

The defendant admits the sale, but denies that he promised, contracted or undertook to open Wainman street, and says that he did want to open said street for the benefit of his property, and so stated to the plaintiff, but that he never contracted with the plaintiff to do so; that the land over which Wainman street would have run belonged to other persons for the greater part of the distance to Green street, and the plaintiff well knew this; that he did undertake to purchase

the right-of-way, with a view of having said street opened through to Green street, but was unable to do so.

The jury found that defendant did contract with plaintiff to open said street, and assessed plaintiff's damage at $1,000. There were exceptions taken to the introduction of evidence, to the rejection of evidence, to the judge's charge on the measure of damages, and to the issues submitted. But the defendant, among other things, pleaded and relied on the statute of frauds, and it seems to us that this plea and defense dispose of the case.

The statute of frauds does not apply to executed, but only to executory contracts. *Choat v. Wright,* 13 N. C., 289. This contract was executed, so far as it affected the property on Clay street and the vacant lot on Schenck and Wainman streets, and has no effect as to them. But it was contended, in fact, it is admitted, that neither of the deeds conveying these properties provided for opening Wainman street, and that there was no writing or written memorandum as to that.

To make an executory unwritten contract binding, there must be a consideration to support it, or it will be a naked contract—*nudum pactum.* If it is a contract to do something, it must be something the contracting party can do, and it must be something that it is lawful for him to do. Parsons on Contracts, 380, 382. It must, also, not be in violation of law or public policy.

In this case it was known to the plaintiff that the defendant did not own the land over which this street would run, if opened to Green street, as the plaintiff contends it was to do. And it would seem that this would relieve the defendant from such a contract. But suppose it be said that the defendant could have bought the right-of-way with money enough, as was contended on the argument. Parsons on Contracts,

*supra.*  But to open a public street in a city, it must have the approval of the city authorities, who are to provide for keeping it up.  And it would hardly be contended that the defendant could have bought them with "enough money," or that he could have done so at any price.

But the plaintiff contends, and so states in his complaint, that this was a part of the consideration he was to receive for his house and lot on Clay street; that he took the vacant lot which was conveyed to him by deed, and the verbal promise of the defendant that he would open Wainman street.  And if this is so, he can not enforce this agreement, because it is a part of the price—the consideration for the land—without any written contract or memorandum signed by the defendant or by anyone authorized to bind him, and is barred by the statute of frauds.  *Rice v. Carter,* 33 N. C., 298; *Mizell v. Burnett,* 49 N. C., 249; *Wade v. New Bern,* 77 N. C., 460; *Neaves v. Mining Co.,* 90 N. C., 412.

We are, therefore, of the opinion that if the defendant did make the contract to open Wainman street, as alleged in the plaintiff's complaint, he can not be forced to do so; nor can he be held liable in damages for not doing so.  *Jordan v. Furnace Co.,* at this term.

.  Error.