N. G. McMANUS and Wife, v. J. J. TARLETON.

(Decided June 5, 1900.)

*Statute of Frauds—To What Applicable—Fraudulent Executory Contract—Fraudulent Conveyances.*

1. The statute of frauds, as between parties and privies, does not apply to executed but only to executory contracts.

2. Courts of law will not enforce fraudulent executory contracts, and courts of equity will set aside fraudulent conveyances in proper cases.

CIVIL ACTION for the recovery of land, tried before *McNeill, J.,* at August Term, 1899, of UNION Superior Court.

The *feme* plaintiff claimed the land as heir-at-law of G. W. Little, assignee of W. C. Tarleton; the defendant claimed it as heir-at-law of W. C. Tarleton. There was a verdict for plaintiffs. Judgment in accordance with the verdict, and

appeal by defendant.    The contentions of the parties are disclosed in the opinion.

*Messrs. R. B. Redwine,* and *Armfield & Williams,* for appellant.

*Messrs. Adams & Jerome,* for appellee.

Furches, J.    This is an action for the possession of land. The plaintiffs claim title as heirs-at-law (the wife) of G. W. Little, assignee of W. C. Tarleton.    The defendant claims title as the heir-at-law of W. C. Tarleton.    The pleadings admit that the *feme* plaintiff is the legal owner of the land in controversy.    But the defendant alleges that the deed from W. C. Tarleton to G. W. Little was intended by the parties as a power of attorney, and not as a deed; but, by the inadvertence and the ignorance of the draftsman and of the parties, the same was drawn, in form, a deed in fee simple.    The defendant therefore asks that the deed be reformed, and that plaintiffs be declared trustees of the land for his benefit.    The plaintiff's reply to the defendant's answer, alleging that the deed was not intended as a power of attorney, and drawn as a deed through mistake and ignorance of the parties, and denies the same; and alleged that it was a fee simple deed,and, in fact, that said deed was made to delay, hinder and defraud the creditors of the grantor, W. C. Tarleton.

Upon this state of the pleadings there was an issue submitted to the jury as to whether the deed was made to defraud the creditors of W. C. Tarleton; also another, as to whether it was intended as a power of attorney, and drawn in form a deed in fee simple by mistake; and also another, as to whether the plaintiff was the owner of the land in controversy.

The jury found that the deed was not made to defraud creditors, and that it was not intended as a power of attorney,

but as a deed of conveyance, and the Court having reserved the issue as to the ownership of the land, found it in favor of the plaintiff.

Before the commencement of the trial in the court below, the defendant made a motion to dismiss the action, upon the ground that the plaintiffs had alleged in their replication that the deed to G. W. Little, under whom they claim, was made to defraud creditors. The Court refused the motion, and the defendant excepted, and the defendant renewed this motion in this Court.

The court below properly refused this motion, and the motion made here can not be allowed. The jury found that the deed was not made to defraud creditors. But if they had found otherwise it would not have affected the plaintiff's right to recover the land. *York v. Merritt,* 80 N. C., 285. This deed was an executed contract, and the statute of frauds, as between parties and privies, does not apply to executed but only to executory contracts. *Choat v. Wright,* 13 N. C., 289; *Hall v. Fisher,* at this term. This issue was unnecessary and should not have been submitted, even if we were to admit that it was raised by the pleadings, which we do not.

Courts of law will not enforce fraudulent executory contracts, and courts of equity will set aside fraudulent conveyances in proper cases. But there is no equitable ground alleged here for setting aside this conveyance, and indeed, the defendant alleges that the plaintiff has the legal title, and asks that she may be declared trustee of the land for the defendant's benefit.

Upon the jury's finding that the deed was not made as a power of attorney, but a deed in fee simple, the defendant having admitted that the plaintiffs had the legal title to the land, it necessarily follows that they were entitled to judgment, unless there was error committed on the trial. We

have examined the other exceptions of the defendant, and fail to find error in them.    The judgment is

Affirmed.