BRINKLEY v. BRINKLEY.

(Filed June 5, 1901.)

1. MARRIAGE SETTLEMENTS—*Husband and Wife—Fraudulent Conveyances—Deed—Promise in Consideration of Marriage—Marital Rights—Parol Contract.*

Where a man deeds land to his children without consideration, after having promised to convey the same to a woman in consideration of marriage, the deed, although registered before marriage, is void.

2. FRAUDS, STATUTE OF—*Contracts—Executed—Executory.*

The statute of frauds applies to executory contracts, but not to executed contracts.

CLARK, J., dissenting.

ACTION by Ellen J. Brinkley against J. H. Brinkley, N. W. Spruil and wife Mary C. Spruil, Hester V. Brinkley, A. J. Pierce and wife, Annie J. Pierce, and Luther Brinkley, by

his guardian, N. W. Spruil, heard by Judge *T. A. McNeill* and a jury, at Fall Term, 1900, of the Superior Court of WASHINGTON County.    From a judgment for the defendants, the plaintiff appealed.

*W. M. Bond,* for the plaintiff.
*A. O. Gaylord,* for the defendants.

COOK, J.    Upon the trial in the Superior Court, judgment as in case of nonsuit was rendered against the plaintiff, upon motion of defendants, under ch. 109, Acts 1897, as amended by ch. 131, Acts 1899, and plaintiff excepted and appealed.

The plaintiff contends that by reason of the promise of Joseph H. Brinkley to convey to her the interest in the land as stated, she became a creditor of his and that the voluntary deed executed by Joseph H. Brinkley to his minor children (all of whom are now defendants, except one), *after* a contract of marriage had been entered into between herself and said Joseph H. Brinkley, and without her knowledge and consent, was a fraud upon her marital and contract rights and void as to her; and that she is entitled to recover the interest in the land conveyed to her by reason of the deed executed to her in April, 1900, pursuant to the promise made her by said Joseph when she consented to marry him in June, 1884.

The defendants (other than Joseph H. Brinkley) claim title under the voluntary deed executed to them in July, 1884. and while denying the parol promise, alleged by the plaintiff, contend that it was void under the Statute of Frauds; that the deed executed to the plaintiff in April, 1900, conveyed no interest to her—was voluntary and without valuable consideration; that she had actual knowledge at the time and long before its execution, and insist that she has no title to the land and is not entitled to recover.

It appears from the case on appeal that defendants introduced evidence contradicting the plaintiff's, but none appears in the record; and the motion of defendants having been made "upon the whole of the testimony," the case must be considered by this Court only upon that which appears in the record, which, for the sake of the motion, must be accepted as true.

While the contention of the plaintiff, as to being a creditor of Joseph H. Brinkley, by reason of the parol promise to convey the land, is without merit, yet her contention that the voluntary conveyance of the land to his children was a fraud upon her marital rights, presents a very serious question. The contract of marriage entered into between the plaintiff and Joseph H. Brinkley in June, 1884, was based upon a *valuable* consideration.   She had not only a right to expect the benefits to be derived from the marriage in her suitor's property to be cast upon her by operation of the law, but also had his express verbal promise to convey to her one-half undivided interest in his tract of land (which was substantially all the property that he then owned) immediately after their marriage.   Relying upon these rights and his promise, and after many years sharing with him the toils of life, nurturing, caring for and raising his minor children by his former wife, bearing children to him and being a true and faithful wife, she suddenly finds herself, her husband and several children of tender age, ousted of her home, to which she was carried when a bride, and *then* informed that her marital rights and contracts had been supplanted by a *voluntary* deed, executed by a man whom she had consented to, and had married, and that his promise not being in writing, was void and of no effect.

But his parol promise to convey land was not void, only voidable, and between the parties could have been enforced unless the Statute of Frauds were pleaded (*Hemmings v.*

*Doss,* 125 N. C., 400; *Williams v. Lumber Co.,* 118 N. C., 928; *Loughran v. Giles,* 110 N. C., 423), which can not be material in this action, since the deed was, before the institution of this action, duly executed, with full recitals of the original promise—that statute applying to executory and not to executed contracts. *Hall v. Fisher,* 126 N. C., 205; *McManus v. Tarlton,* 126 N. C., 790; *Choat v. Wright,* 13 N. C., 289. And while it has the effect of a post-nuptial settlement, yet it is valid except as to creditors and purchasers for value and without notice. Rogers on Domestic Relations, sec. 255, page 217. The defendants (other than Joseph) claim title by reason of this voluntary deed executed to them by their father *after* he had induced the plaintiff to consent to become his wife, and without her knowledge or consent. For what purpose was this deed *then* executed? If for the love and affection he had for his children, why did he wait until *after* the courtship and engagement? Why did he hold it as a basis of credit, and after securing a promise for his prize, place it as he thought beyond the reach of the woman whose consent he had obtained to share with him the vicissitudes of life for weal or for woe? If he had changed his mind and concluded not to convey to her the interest in the land, as he had promised her to do, then why did he not so inform her to the end that she might exercise the privilege of changing her mind as to the marriage?

He admits in his answer (which was put in evidence) the agreement as stated in the complaint, to be true. It is admitted for the sake of the motion, by defendants, that the plaintiff did not know of the *voluntary* deed until many years after the marriage, that it was executed without her knowledge or consent. While it is true that a man or woman, before marriage, is at liberty to dispose of his or her property at will and pleasure, yet it must not be done with an improper motive. If it be done to deceive the person who is

then in treaty of marriage, it is a fraud. The courts have uniformly held that a voluntary deed made by a woman in contemplation of marriage, afterwards consummated, and without the existence of the deed being made known to the intended husband, is in law a fraud upon him. *Strong v. Menzies,* 41 N. C., 544; *Baker v. Jordan,* 73 N. C., 145; Roper on Husband and Wife, Vol. 1, pages 163, 164; *Poston v. Gillespie,* 58 N. C., 258; 75 Am. Dec., 427. Then why should not the same rule apply to the intended husband, who gave to his children his property without the knowledge or consent of his fiancee? She, under our laws, acquires valuable interests and rights in his property, while on the one hand the husband in addition to the personal services and earnings of the wife, acquires the right of a curtesy estate, absolutely owns all of the personalty in case of intestacy, etc.; on the other hand the wife obtains a security in respect to her future support, and has the rights of dower, homestead, year's support at the death of the husband (which can not be defeated by his will or creditors), a distributive share of his personalty, etc. Schouler Domestic Relations (3d Ed.), sec. 181.

Nor can the constructive notice of registration avail the defendants. In the case of *Spencer v. Spencer,* 56 N. C., 404, in which case the intended wife had, previously to marriage and after engagement, made a voluntary deed to her property, it is held: "But if, after the courtship begins, the court of equity recognizes an inchoate right in the intended husband at all, it follows that it can not be disposed of by the intended wife without his direct knowledge and acquiescence. In a case like the present, there is no place for a constructive notice. That is always resorted to for the purpose of preventing the person who has it from doing an act to the injury of another. Here, the husband can injure no other person.

He has rights which the rule protects by preventing another person from injuring him."

In *Taylor v. Rickman,* 45 N. C., 278, the husband actually signed the contract, but it was avoided upon the ground of surprise, because the paper was presented to him after the parties had met together for the purpose of being married.

And in *Poston v. Gillespie, supra,* it was held that, after the contract of marriage is made, neither can give away his or her property without the consent of the other, and *notice* before the marriage of such a gift does not hinder the party injured from insisting upon its invalidity.

True it is, from the testimony in the case, that the defendants were minors and innocent, but that can not avail them now. "Though not a party to any imposition. whoever receives anything by means of it, must take it, tainted with the imposition, let the hand receiving it be ever so chaste, yet if it comes through a polluted channel, the obligation of restitution will follow it."    *Tisdale v. Bailey,* 41 N. C., 358.

Upon all the evidence submitted, it is clear to the Court that the execution of the deed, under which the defendants (other than Joseph) claim was fraudulent and void as to the plaintiff's marital rights, and there is

Error.

DOUGLAS, J., *dubitante.*

FURCHES, C. J., concurring in the opinion of Justice *Cook.* I state the following reasons for my concurrence:

If the plaintiff is entitled to recover it is by reason of the *fraud* committed upon her marital rights. The Statute of Frauds has nothing to do with the case for the reason that the deed has been executed, and the Statute of Frauds does not apply to executed contracts. *Hall v. Fisher,* and other cases cited in the opinion. Nor does the Statute of Frauds prevent a party from carrying out his contract, unless it affects cred-

itors or purchasers for a full price, and without notice. *Triplett v. Witherspoon,* 70 N. C., 589. In this case there are no creditors of the grantor, unless the plaintiff be treated as such, and the defendant children are not purchasers for a *full* price. Indeed it appears that they paid nothing for their deed.

If the plaintiff was not strictly a creditor, her claim was in the nature of that of a creditor. After her contract with the grantor (W. H. Brinkley), in June, 1884, it was a *fraud upon* her marital rights for her intended husband to give away his property, and in this case it seems to have been all the property he had. In *Poston v. Gillespie,* 58 N. C.. 258, 75 Am. Dec., 427, it is said: "After the courtship or negotiations about and concerning the marriage, is concluded and the parties bind themselves by a contract to marry, *neither can give away his or her property,* without the consent of the other, and the matter does not then rest upon a mere question of deceit, which may be repelled by proof of notice, but involves a question of *fraud* on a right vested by force of a contract, for a breach of which an action will lie at law." So if this case states the law, the action is given to *either* party; it rests on contract and *vested rights,* and is not to be defeated by notice. If this be the law, it is claimed that plaintiff's right of action was not defeated by the registration of defendant's deed and that contention of defendants must fail.

But defendants claim that since the Constitution of 1868 the wife has no marital rights, except the inchoate right of dower, which is not due until his death, and that the husband has no marital rights in the wife's estate. If these contentions are true there ceases to be such a thing as *fraud on marital* rights in North Carolina. While the husband may not have the same rights over the estate of the wife that he had before the Constitution of 1868, I do not admit that the wife has not now the same rights in her husband's estate that

she had before the Constitution of 1868, and the same she had in 1859, when the case of *Poston v. Gillespie* was decided by this Court—in which it is held "that after the engagement to marry, *neither party has the right* to give away his or her property." But this very question—*fraud on marital rights* since the Constitution of 1868—has been before the Court and it was held that the Constitution of 1868 worked no such wonders, and that the doctrine of fraud upon marital rights still exists in North Carolina. *Brinkley v. Jordan,* 73 N. C., 145.

Upon these authorities I must hold that the doctrine of fraud on marital rights still exists in this State; that the defendant, W. H. Brinkley, having disposed of his land by gift to the other defendants after he and the plaintiff were engaged to be married, was a fraud upon her marital rights, and the deed must be set aside. My opinion is put upon the *fraud,* and not upon his *promise to convey.* But when defendant's deed is set aside *for fraud,* there is nothing to prevent the plaintiff's deed of 1900 from becoming effective, and the plaintiff is entitled to be admitted to the possession of one undivided half of said land, as tenant in common with her husband.

We have had it impressed upon us that the first wife's father gave this land to the defendant, W. H. Brinkley, and his first wife. This may be a reason for making the deed of July, 1884, to the defendant children; but it could not constitute a legal consideration, and we are trying to dispose of the case according to the law. Under the laws of this tate, upon the death of the wife, the land becomes the property of the husband, and as such was liable to his contracts and creditors to the same extent as if he had bought the same with dollars. I must, therefore, concur in the opinion that there was

Error.

BRINKLEY *v.* BRINKLEY.

MONTGOMERY, J., concurs in the opinion of the Chief Justice.

CLARK, J., dissenting. The plaintiff alleges and testifies that in June, 1884, the defendant, J. H. Brinkley, promised her orally that if she would marry him he would convey to her one-half interest in the land in controversy as soon as the marriage had taken place, and relying upon such promise, she agreed to marry him. On 12th of July, 1884, the defendant, J. H. Brinkley, conveyed the entire tract of land by warrantee deed to his children by a former marriage—who are his codefendants in this action. Said land had been conveyed by their grandfather, to their mother and himself. This deed of July, 1884, was registered 1st of August, 1884. Thereafter, on October 30, 1884, the plaintiff and the defendant, J. H. Brinkley, were married. On 23d of April, 1900, the defendant, J. H. Brinkley, executed a deed to the plaintiff, which was recorded 26th of April, 1900. On April 25, 1900, she instituted this action, alleging in her complaint that the defendants (other than Joseph H. Brinkley, her husband) wrongfully withhold possession of the premises, and asking that she be let into possession as tenant in common of one-half interest therein.

There are several insuperable reasons why the plaintiff can not recover:

1. If the action is on the deed, that of the defendants from her husband, executed 12th of July, 1884, and recorded 1st of August, 1884, takes precedence of that from her husband to herself, executed when he was out of possession, 23d of April, 1900, and registered after this action was begun.

2. If the action is on the parol promise in June, 1884, it is void under the Statute of Frauds, and though the husband, of course, does not set it up, the other defendants do plead it. Though third parties, if strangers, can not plead the Statute

of Frauds, it is otherwise as to privies, as are the defendants, the grantees in the deed of 1884. Browne on Statute of Frauds, sec. 135; *Best v. Davis,* 44 Ill. App., 624.

3. The grantees received from their father a conveyance of this land, which came from their mother's father. There was a good moral, indeed a meritorious consideration. Such a conveyance would not be a fraud, even though concealed from the intended wife. *Green v. Goodall,* 41 Tenn. (1 Cold.), 404; Kerr on Fraud and Mistake, 218. If the father had immediately after the second marriage conveyed to the plaintiff, she would not have been a purchaser for value. 12 Am. and Eng. Enc. (2d Ed.), 472 n, 8, and cases there cited, which hold such to be a voluntary deed. The deed to the children of the first marriage having been recorded August 1, 1884, she was fixed with notice thereof at least as much as a purchaser for value would have been. It was her misfortune that ninety days after such registration she entered the marriage, after it had become impossible for her husband to convey to her any part of the land.

But put it in the strongest possible light for the plaintiff: Suppose the marriage, 30th of October, 1884, was *ipso facto* a conveyance for value of a half interest in the land to the plaintiff, and further that the deed to the children of the former marriage was not for a meritorious consideration and was without any consideration, the deed recorded on 1st of August, 1884, though voluntary, would take precedence of a deed to a subsequent purchaser for value. This is settled by many decisions. "In the United States, the authorities are almost unanimous in holding that a voluntary conveyance, if made *bona fide,* is valid against a subsequent purchaser with notice of the conveyance." 14 Am. and Eng. Enc. (2d Ed.), 466. In this State, since the adoption of chapter 28, Laws 1840, one who purchases with notice of a prior voluntary conveyance will not be protected against it. *Triplett v.*

*Witherspoon,* 70 N. C., 589; *Clement v. Cozart,* 112 N. C., at page 421. Registration of a prior voluntary deed is notice to a subsequent purchaser. *Taylor v. Eatman,* 92 N .C., 601.

Viewed, aside from the fact that the legal title has been in the children of the first wife since July, 1884, and the alleged promise to plaintiff to convey was in parol and a secret promise, there is no evidence to explain why the plaintiff, nor her husband, took any steps after the marriage to execute any conveyance to her, nor why the plaintiff acquiesced in the non-execution of the secret parol agreement for nearly sixteen years. No evidence was offered that she at any time, during all these years, had called upon her husband to execute the promised conveyance, nor made any complaint in regard to the matter. It is not an explanation of this fact that during all that time, up to January, 1900, the plaintiff and her husband lived on the land together with the children of the first marriage. There was no reservation for the benefit of the husband in his deed of July 12, 1884, and his remaining on the land was probably by reason of the non-age of said children or some of them, and permissive thereafter as to those who became of age. His possession was at no time adverse. Why Joseph H. Brinkley is made a defendant does not appear. He is not in possession and he is not resisting the plaintiff's claim, but is siding with her.

Even if this action had been for dower, the plaintiff could not recover, unless the deed was made with intent to defraud her dower rights, for at no time during coverture has her husband been seized of the premises. *Barnes v. Raper,* 90 N. C., 189. If by his death, dower therein would not accrue to his wife, certainly if living he can not convey to her. The Court properly held that upon the testimony the plaintiff could not recover. Her husband could not have recovered, no matter when he brought suit, nor what his motive in making the deed. *York v. Merritt,* 80 N. C., 285; *McManus v.*

128——33

*Tarleton,* 126 N. C., 790. The plaintiff not being a creditor at the date of the deed has no greater rights than the husband would have had. *Hiatt v. Wade,* 30 N. C., 340; *Taylor v. Eatman,* 92 N. C., at page 606; *Clement v. Cozart,* 112 N. C., at page 421.

It must not be overlooked that the question here presented is not whether by the engagement to marry in June, 1884, the wife became invested with an inchoate right of dower (the only interest she could acquire by the marriage itself), which could not be divested by the deed in July, 1884, to the children of the first marriage. The wife's position is certainly not stronger by virtue of her engagement than after marriage, and if this deed to the children had been made after marriage, instead of before, they would have gotten a good title, subject only to the widow's contingent right of dower if she survived her husband. *Scott v. Lane,* 109 N. C., 154. Here, he is still living, and as she could not maintain this action of ejectment against one taking under a deed after marriage, she certainly can not recover dower by virtue of her marital rights against grantees taking long before marriage. Her right to dower can not now arise.

This case rests upon the single proposition whether one who takes a verbal agreement to convey realty, upon a consideration thereafter to be paid, can recover the same sixteen years thereafter against those who took a conveyance of the same land for a meritorious consideration, without participation in the fraud, if any, perpetrated upon the intended wife, and without any legal notice thereof (being minors), and when the deed to them was registered three months before the marriage, when therefore the purchaser by oral contract had the fullest legal notice before payment of the promised consideration.

The cases cited in the opinion which protect the rights of an intending husband in his wife's property have no applica-

tion to this case, where the plaintiff claims *not as a widow*, but by virtue of a *secret oral contract to convey* in consideration of marriage, and the defendants are purchasers for a meritorious consideration and without notice. If the plaintiff can sustain her claim founded solely on a secret verbal agreement, then no other purchaser from a single man, without notice of a secret agreement with an intending wife, can hold the land against her, though, as here, sixteen years may have passed without the husband and wife remembering to execute the promised deed and making known the ante-nuptial agreement. The plaintiff's claim is not based upon a fraud upon her marital rights. She is not suing for dower, but upon defeat of an oral promise to convey realty by a deed made to another upon a meritorious consideration without notice of her oral agreement, and duly registered before she pays the promised consideration. She relies upon a verbal contract and stands like any other. Her marriage is purely incidental and does not add to her contractual rights.

In *Poston v. Gillespie,* 58 N. C., 258; 75 Am. Dec. 427, it was the husband who was complaining that his contracted wife had in fraud conveyed away all her property. As the law then stood, at the moment of marriage, he became entitled to all her personal property and tenant by the curtesy initiate of her realty. For deprivation thereof, by undue influence of her father, he had an immediate cause of action. Here, the wife could acquire by virtue of the marriage nothing except a right to dower if she survived her husband, and has as yet not suffered, and may never suffer anything by virtue of the deed to the defendants. And even in that case, the decision is largely rested upon the ground that the deed by the wife was made by duress and undue influence exerted by her father. That is in no particular an authority for this case.

In *Taylor v. Rickman,* 45 N. C., 278, the deed was set

aside for surprise, the marriage contract not being mentioned till the husband stood up to be married; and besides, it was never registered as required by law. The husband was thus deprived as above stated of an immediate absolute right to the personalty, and, on account of the surprise, the deed was declared void. The same is true of *Tiesdale v. Bailey,* 41 N. C., 358, and *Spencer v. Spencer,* 56 N. C., 404, in both of which cases the deed was made by the wife secretly and with the intent to defraud her husband (which is not found in the present case) just before the marriage and kept secret, not recorded. Unlike the wife in this case, the husband was in those cases thereby deprived of an immediate right of property.

In every case cited for the plaintiff, the husband was the plaintiff and was deprived of an immediate right of property by the deed. None of those actions could now be maintained as the law now stands as to the property rights of women whose personalty remains their own property. Certainly they can not be authority for one who claims, not marital rights, but by virtue of an oral contract to convey lands, which were conveyed and legal notice thereof given her by registration three months before the marriage, and who is attempting to set up a stale claim under such oral contract (if ever made) after sixteen years acquiescence.

The plaintiff sues to recover a fee-simple in half the land. A woman's "marital rights" in her husband's property are derived solely from statute, and no statute gives her a half interest in fee of her husband's land, and that too before his death. She has therefore no support in the claim that she has been deprived of her marital rights by fraud or otherwise, for she has not been. Her sole claim is that she made an oral contract for conveyance of land and three months before the consideration was paid the land was conveyed to another for a meritorious consideration, without notice of her claim and

the deed duly recorded which was notice to her, and the grantees plead the Statute of Frauds, as they have a right to do. That the consideration promised was marriage, makes it a valuable consideration, but no more so than if money had been promised and paid after the registration of the deed to another, for meritorious consideration, and who took without notice. That marriage was to be the consideration does not involve "marital rights" in this matter, nor take this verbal contract out of the Statute of Frauds, nor affect the fact that the defendant's deed was registered sixteen years ago and plaintiff's deed from her husband only since action brought. The plaintiff's claim is contractual, not marital, and there is no exception in the Statute of Frauds in her favor and the Court can not *create* one.