## BRINKLEY v. SPRUILL.

(Filed March 4, 1902.)

VENDOR AND PURCHASER—*Antenuptial Agreements—Bona Fide Purchaser.*

> A *bona fide* purchaser of land from a child to whom the father had conveyed the land, after having promised to convey the same land to his intended wife in consideration of marriage, acquires a good title.

COOK, J., dissenting.

ACTION by Ellen Brinkley against N. W. Spruill and others, heard by Judge *Walter H. Neal* and a jury, at October Term, 1901, of the Superior Court of WASHINGTON County.

Plaintiff's husband agreed to deed certain land to plaintiff if she would marry him, and after her promise to do so, but before marriage, conveyed the land, without consideration, to his children by a former wife; such conveyance being recorded before the marriage. Sixteen years thereafter he made another conveyance of the property to plaintiff, but prior to such conveyance one of the children had sold his undivided interest in the property to defendant Spruill, who

paid a full consideration, and took the same without knowledge of the plaintiff's claim.    From a judgment in favor of plaintiff, defendants appealed.

W. M. Bond, for the plaintiff.
A. O. Gaylord, for the defendants.

FURCHES, C. J.    This case was before the Court a year ago, and is reported as Brinkley v. Brinkley, 128 N. C., 503, and a full statement of the facts will be found there.    But, in that case, the effect of an innocent purchaser for a full price and without notice of the contract of the plaintiff with W. H. Brinkley from one of the grantees of the said J. H. Brinkley was not considered.    The deed the Court declared to be fraudulent and void as to the plaintiff was made to the five children of the said J. H. Brinkley, by a former marriage, and was without consideration.    But it appears by the case now before the Court that one of the children and grantees in the deed from J. H. Brinkley has sold and conveyed his one undivided fifth interest in said land to the defendant Spruill; that said sale to Spruill was for a full consideration and made before the deed from the said J. H. to the plaintiff, and before the grantor or the defendant Spruill had any knowledge or information of the plaintiff's claim to any part thereof.    And the question is, does the plaintiff take one-half of the whole tract, or only two-fifths thereof?

The deed from J. H. Brinkley to his children was good as against him, and would have been good against the plaintiff but for the statute of frauds.    But as the plaintiff had an interest, more than a mere equity, it could not be defeated by notice, yet it did not amount to an estate.    Poston v. Gillespie, 58 N. C., 258, 75 Am. Dec., 437.    And the deed of W. H. to his five children, being voluntary and without con-

sideration, was a fraud upon her rights and void as to her to the extent of her rights therein.

But as the plaintiff had no estate in the land, if the said J. H. had sold and conveyed the same, before his deed to the plaintiff, for a full price and without the purchaser having any notice of the plaintiff's claim, the purchaser would have gotten a good title, free from her claim. And while the deed of J. H. did not defeat the plaintiff's rights, for the reasons we have stated, yet it is admitted that the defendant Spruill. before the date of the plaintiff's deed, purchased, for a full price and without notice of the plaintiff's claim, one undi-vided fifth interest in said land. And it seems to us that this gives him a good title to that fifth interest. The Code, Sec. 1548; *Potts v. Blackwell,* 56 N. C., 449; *Triplett v. Witherspoon,* 70 N. C., 589.

If the defendant Spruill had bought the undivided interest of each of the grantees for a full price and without notice, as he did this one-fifth interest, the entire estate of the plaintiff would have been defeated, under the authorities we have cited. And if this would have defeated her entire interest, we see no reason why the sale to Spruill did not defeat her interest to the one-fifth part that he did buy.

We are, therefore, of the opinion that the sale by one of the grantees to Spruill, before the date of the plaintiff's deed, was the same in effect as if W. H. Brinkley had sold and con-veyed to Spruill, for a full price and without notice, one undivided fifth interest in his land; which would have left him the owner of only four-fifths undivided interest therein; and his deed to the plaintiff only conveyed one-half of what he had at the date of the deed.

The plaintiff is only entitled to two undivided fifths of the whole tract, and not to one undivided half thereof.

There is error in the judgment appealed from, and upon this opinion being certified to the Superior Court of Wash-

ington County, judgment will be entered there in accordance therewith.

Error.

CLARK, J., concurring in result.   The only marital right which a woman has in her husband's realty is to dower of a life estate in one-third thereof, should she survive him. The *feme* plaintiff's claim, therefore, can not be based upon a fraud upon her marital rights, for she is not a widow, and she is suing for a fee simple in one-half of his realty.   The basis of her claim is an oral executory contract alleged to have been made by one, afterwards her husband, to convey one-half of his realty to her, in consideration of marriage, a promise, if made, which was not executed by deed for sixteen years after the marriage.   She seeks to make good such oral contract against the children of the first marriage, from whose mother's father the land came, who had no notice of such alleged oral contract, and who besides were minors, and the deed to whom was registered two months before the *feme* plaintiff paid the consideration of the oral contract by marrying the grantor.   The *feme* plaintiff had, therefore, two months' legal notice that the intended husband could not pay the consideration.   The deed to the children was good against the father or anyone claiming under a subsequently registered deed from him, and if a married woman can impeach the transaction at all, she can only do so as a fraud on her marital rights, and this she can only assert when she becomes a widow and to the extent of dower.   For these reasons, among others, I dissented in the original case, *Brinkley v. Brinkley,* 128 N. C., 503.   I do not care to repeat all the reasons for the dissent there given, but merely refer to these to sustain my concurrence now, that if the *feme* plaintiff recovers at all, her recovery should be limited to one-half of the four-fifths which still remain in four of

the children, the other one-fifth having been conveyed to defendant Spruill for value and without notice, and his deed duly registered long prior to the execution of any deed to *feme* plaintiff.

DOUGLAS, J., concurring. I fully concur in the proposition that if "the question involved in this appeal was expressly decided when the case was first before this Court," it can not now be reviewed. In other words, where a material question has been once adjudicated, expressly or by necessary implication, it remains the settled law of the case unless reversed on a rehearing, and can not be reviewed in another appeal in the same case. But in the case at bar the opinion of the Court expressly states that the essential point now decided was not considered on the former appeal. It so seems to me.

Considering it, therefore, an open question, I concur in the opinion of the Court. When J. H. Brinkley conveyed the land to his children, they acquired an absolute title to one-half of the land, which he had an unquestioned right to convey. They also acquired a valid title to the other half as against the grantor. And it would seem, in the absence of creditors, against all the world except the plaintiff. If the plaintiff had had her deed recorded before Spruill bought the interest of J. H. Brinkley, she could have recovered one-half of the entire tract of land, or one-half of each child's part, if it had been divided. Suppose it had been divided, she could have recovered one-half of J. H. Brinkley's part before it was sold to Spruill, but not thereafter. She lost her right in that particular part because Spruill bought in good faith and for value, and not from any act done by the other children, who were not parties to that conveyance. What right has she to ask the other children to make good what she has lost by her own *laches* from the part to which they acquired an unquestioned title by their father's deed?

She was not a creditor, nor in the nature of a creditor having a lien upon the entire land, but had a specific claim to only one-half thereof. The other half was rightfully conveyed, and to that half she never had any claim, either legal or equitable. Her present contention seems based upon some supposed right of contribution or exoneration from the other grantees, but I can not perceive any principle upon which they can be held responsible for a loss arising through no fault of theirs. It does not appear that they had any knowledge of the plaintiff's claim, or were guilty of any actual fraud, when they received from their father a deed for land which had come through their own mother.

Whether the plaintiff could follow the proceeds into the hands of J. H. Brinkley, is not before us.

Upon the former appeal, I was doubtful whether the plaintiff could recover at all; but, considering that question as irrevocably settled, I have no doubt that the opinion of the Court gives to her all to which she is justly entitled.

Cook, J., dissenting. There are two reasons why I can not concur in the opinion of the Court. First, the question involved in this appeal was expressly decided when the appeal was first before this Court (*Brinkley v. Brinkley,* 128 N. C., 503). There have been no new parties made to this action. The parties to this appeal are the *same* ones who appealed in the former. And this is an effort to reverse, in part, our former decision, by an appeal, which we have often ruled can be done only by a petition to rehear. When the case was first before us, it was admitted in plaintiff's complaint (as is likewise shown by the record in this case) that one of the children (James L. Brinkley) had sold his interest to N. W. Spruill, a purchaser for value and without notice, and for that reason he (James L.) was not made a party-defendant, and no relief was asked or granted that disturbed the one-fifth undivided interest thus acquired by said Spruill.

We then held that "the plaintiff is entitled to be admitted to the possession of one undivided half of said land." (Page 510 of the concurring opinion of Chief Justice Furches.)

Second, the voluntary deed executed by Joseph H. Brinkley to his five children, in July, 1884, was held to be void as to this plaintiff's right (following the doctrine laid down in Adams' Equity, page 428, 3d Am. Ed., and the decisions of our own Court, and that of *Petty v. Petty,* a case exactly similar to this; 4 B. Monroe's Reports, Ky., 215), 39 Am. Dec., 501. As to the one-fifth interest purchased by Spruill from James L., it remained undisturbed and still vests in him, Spruill. Thus we have four-fifths interest in the tract undisposed of and still vesting in Joseph H. Brinkley, so far as plaintiff's rights are concerned. With this status of the title (one-fifth in Spruill and four-fifths in Joseph Brinkley), Joseph H. Brinkley, in April, 1900, conveyed "unto said Ellen J. Brinkley an undivided one-half interest in and to that tract of land," etc. (describing by metes and bounds the *entire* tract of 116 acres). So we now have left undisposed of three-tenths undivided interest in the entire tract not involved in this controversy.

*If* Joseph H. Brinkley, in April, 1900, *after* Spruill's purchase of the one-fifth, had conveyed to Ellen, the plaintiff, one-half of his interest (which was then four-fifths) in the tract, as it then stood, then, and in that event, the view taken by the Court in its opinion would be correct. But that is not the case. The record plainly shows otherwise. But having conveyed to plaintiff an undivided one-half of the *entire* tract, and he, at that time holding title to *more* than one-half thereof, surely so much as one-half passed to her. Suppose he had conveyed her *all* of his interest in the tract, would she not have received four-fifths? Would that not be "one-half," plus the difference between one-half and four-fifths (five-tenths, plus three-tenths) ; leaving one-fifth (equal two-

tenths) in Spruill, covering the entire title (five-tenths, plus three-tenths, plus two-tenths, equal ten-tenths) ? It is therefore clear to me that plaintiff is entitled to one-half (five-tenths), Spruill to one-fifth (two-tenths), and the residue (three-tenths) remains in the four children who did not dispose of their interests.

It is certain that Spruill can not complain, for he gets all that he claims to have purchased or to now own. The other defendants (appellants) *can not* complain, for they have no standing in this Court, being precluded by our decision rendered in the former appeal (*Brinkley v. Brinkley, supra*).